GARDEN, JUDGE:
The claimant filed this claim against the Department of Highways for damages to his motor vehicle. On September 22, 1976, the claimant was driving his 1974-Suburban Cheyenne 20 pulling a 25-foot Terry Trailer northerly on W.Va. Route 26 near Tunnelton, West Virginia, in Preston County. It was approximately 10:15 a.m. It was raining. He was alone. A tractor and trailer proceeding southerly on Route 26 was passing the claimant on his left side. He was travelling at about 20-30 mph. *158 The claimant’s vehicle struck a channel iron-type signpost lying in the road. When the front wheel of the vehicle struck the post, it curved up and wedged itself in the right front door causing damage in the amount of $293.91. The claimant testified that he did not see the signpost because he was watching the tractor and trailer on his left. Claimant further testified that he had no way of knowing the post was one used by the respondent except that he was familiar with the type used by it. He did not know whether the respondent had had a sign erected at the place of the accident and that it was possible it could have been dumped with other trash and debris in a roadside dump in the area of the accident.
Norman Blake Ridenour, a foreman for the respondent, testified that he works the area where the accident occurred, and that he travels the road at least twice a day going to and from respondent’s headquarters. He stated that there was a roadside dump at the place of the accident; that it was not maintained by the respondent, and, to the best of his knowledge, there had never been a sign in the area maintained by the respondent.
For the Court to make an award, the claimant must prove by a preponderance of the evidence that the negligence of the respondent was the cause of his damage. In this case the claimant’s vehicle struck a signpost in the road. There is no evidence that the post belonged to the respondent, nor is there evidence that it was knocked from the side of the road onto the highway. The claimant testified that the post was the type used by the respondent. Respondent’s witness testified that the respondent had no signposts in the area of the accident. Without more evidence, the Court cannot make an award. The law is well established in West Virginia that the State is not an insurer of the user of the highways but' that he travels at his own risk. Adkins v. Sims, 130 W.Va. 645, 46 S.E. 2d 81 (1947).
From the record, the Court is of the opinion that the claimant has not established by a preponderance of the evidence that the damage to his vehicle was the result of actionable negligence on the part of the respondent.
Accordingly, the claim of the claimant is disallowed.
Claim disallowed.